MONROE, Judge.
This is a workers’ compensation case.
On November 30, 1994, Stanley Hill sued his employer, Dunlop Tire Corporation, claiming he had suffered an injury that arose out of and during the course of his employment. Dunlop denied all allegations and claimed it was entitled, pursuant to § 25-5-57(c), Ala.Code 1975, to a setoff of the supplemental unemployment benefits it had paid Hill. After a trial, the court found that Hill had sustained a 67% loss of earning capacity as a result of his injuries, and it awarded him permanent partial disability benefits of $220 per week for 300 weeks, less the 27 weeks of temporary total disability benefits Hill had received. The trial court also awarded Hill 103 weeks of accrued benefits. Further, the trial court found that Dunlop was not entitled to set off the amount of supplemental benefits paid to Hill, finding that the payments did not constitute similar compensation or compensation continued by the employer. After the trial court denied Dunlop’s motion to alter, amend or vacate, Dunlop appealed.
The only issue raised on appeal is whether the trial court erred in denying Dunlop’s request to set off the supplemental unemployment benefits it has already paid Hill against the award of workers’ compensation payments.
The record reveals that in 1992 while employed with Dunlop, Hill was injured in a work-related accident. Following his injury, Hill was laid off from work because of his medical restrictions. Before the accident, Hill had had an average weekly wage of $838.69. At trial, Hill testified that while he was laid off he received $180 per week for 26 weeks in state unemployment compensation benefits and also had received 73 weeks of supplemental unemployment benefits of $440.84 per week and would receive 5 additional weeks of supplemental unemployment benefits.
The evidence shows that the supplemental unemployment benefit program was designed to make payments of 80% of an employee’s normal wages to employees who, for varying reasons, are not actively employed by Dun-lop. Also, the court heard testimony that the supplemental benefit program was entirely funded by Dunlop, without any contribution from its employees. Further, there was evidence that the supplemental benefit program was a “fringe benefit” provided to the employees in lieu of additional wages and was the subject of union negotiations. Ultimately, the trial court found that the benefits paid to Hill did not come under either § 25-5-57(c)(1) or (3) because, the cotuft stated, the payments came from a plan that was a fringe benefit accepted by the employee in lieu of additional wages.
Section 25-5-57(c)(l), Ala.Code 1975, provides:
“(c) Setoff for other recovery. In calculating the amount of workers’ compensation due:
“(1) The employer may reduce or accept an assignment from an employee of the amount of benefits paid pursuant to a disability plan, retirement plan, or other plan providing for sick pay by the *247 amount of compensation paid, if and only if the employer provided the benefits or paid for the plan or plans providing the benefits deducted.”
Shortly after the parties had submitted their briefs to this court for this appeal, our Supreme . Court released an opinion interpreting § 25-5-57(c)(1). See Ex parte Dunlop Tire Corp., 706 So.2d 729 (Ala.1997). Dunlop Tire Corporation, the defendant in this case, was the defendant in both cases addressed in Ex parte Dunlop. Further, the supplemental benefit plan that was the subject of Ex parte Dunlop is the same type of supplemental plan as is involved in this case. Thus, our Supreme Court’s opinion in Ex parte Dunlop is directly on point and binds this court in its decision today.
In Ex parte Dunlop, our Supreme Court stated that it read § 25-5-57(c)(l) as “allowing an, employer to reduce the amount of workers’ compensation benefits due by the amount of benefits paid or payable under a qualifying disability, retirement, or sick pay plan.” 706 So.2d at 731. Further, the Supreme Court explained, “the fact that fringe benefits are part of an employee’s earnings for purposes of § 25-5-57(b), as held in [Ex parte Murray, 490 So.2d 1238 (Ala.1986)], does not answer the question whether ‘the employer provided the benefits or paid for the plan or plans providing the benefits’ for purposes of § 25-5-57(c)(l).” 706 So.2d at 731 . The Supreme Court ultimately held, “we conclude that the characterization of a benefit provided by an employer as a ‘fringe benefit’ or as a benefit resulting from a union-negotiated contract does not remove that benefit from the rule of § 25-5-57(c)(l).” 706 So.2d at 735.
Thus, in accord with the Supreme Court’s recent decision, we hold that the trial court’s finding that the supplemental program was a fringe benefit was not sufficient to deny a setoff pursuant to § 25-5-57(c)(l). For the above reasons, that portion of the trial court’s judgment denying Dunlop a setoff is reversed, and the cause is remanded for the trial court to act in compliance with Ex parte Dunlop and this opinion. The judgment of the trial court is reversed and the cause is remanded.
REVERSED AND REMANDED
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ. concur.